IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PEGGY G. PARRISH and JEFFREY H. PARRISH, | : : : |
| Plaintiffs, | : |
| v. | :     CASE NO:     7:25-cv-26—WLS |
| SADIK MAHMUDOV, *et al.*, | : : |
| Defendants. | : : |

## ORDER

Presently before the Court is the Notice of Dismissal (Doc. 21) ("Notice") as to Prime Holdings Insurance Services, Inc. ("Prime Holdings") and Evolution Insurance Brokers, LLC ("Evolution") filed April 8, 2025. Therein, Plaintiffs seek to dismiss, without prejudice, all claims against Defendants Prime Holdings and Evolution pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).[1] Neither Defendant Prime Holdings[2] nor Evolution have served an answer or motion for summary judgment in this action.

For the purpose of completing the record, the Court acknowledges and **CONFIRMS** Plaintiffs' Notice. The above-captioned action is **DISMISSED, WITHOUT PREJUDICE,** as to Defendants Prime Holdings Insurance Services, Inc. and Evolution Insurance Brokers, LLC. Plaintiffs' claims against Sadik Mahmudov, Cedric L. Nelson, Aiken Logistics LLC, Ad Express Trucking LLC, Berkshire Hathaway Homestate Insurance Co., and Prime Insurance Co. shall remain pending.

**SO ORDERED**, this 9th day of April 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Fed. R. Civ. P. 41(a)(1)(A)(i) provides that "[T]he Plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]"

[2] The Court notes that an entity titled Prime Insurance Company filed an answer (Doc. 3) on March 20, 2025. Therein, Prime Insurance Company notes that it is incorrectly named in the Complaint as "Prime Holdings Insurance Services, Inc. d/b/a Prime Insurance Company." (Doc. 3 at 1). The Complaint also names "Prime Insurance Co." as a separate Defendant apart from Prime Holdings and the attorney signature block on the answer indicates the document is filed by Stephen J. Rapp as "Counsel for Prime Insurance Co." Thus, the Court considers the answer (Doc. 3) to have been filed only on behalf of Prime Insurance Company for purposes of determining the applicability of Rule 41(a)(1)(A)(i) to the Notice.